ELECTRONICALLY FILED
5/19/2017 3:11 PM
57-CV-2017-900139.00
CIRCUIT COURT OF
RUSSELL COUNTY, ALABAMA
KATHY COULTER, CLERK

## IN THE CIRCUIT COURT OF RUSSELL COUNTY, ALABAMA

| | |
|---|---|
| **ROW EQUIPMENT, INC.,** ) | |
| ) | |
| **PLAINTIFF,** ) | |
| ) | |
| **vs.** ) | **CIVIL ACTION NO. 2017-_____** |
| ) | |
| **GLOBAL ENERGY SOLUTIONS, INC.,** ) | |
| **SABAL TRAIL TRANSMISSION, LLC.,** ) | |
| **PRICE GREGORY INTERNATIONAL,** ) | |
| **INC., PHILADELPHIA INDEMNITY** ) | |
| **INSURANCE COMPANY, and A, B, C,** ) | |
| **D and E, being the persons, firms,** ) | |
| **corporations or other legal entities which** ) | |
| **have any interest in or claim to the** ) | |
| **property made the subject of this** ) | |
| **complaint, whose identities are otherwise** ) | |
| **unknown but will be added by** ) | |
| **amendment when ascertained,** ) | |
| ) | |
| **DEFENDANTS.** ) | |

## COMPLAINT

COMES NOW the plaintiff in the above styled cause, ROW Equipment, Inc., by and through its undersigned attorneys, and for its complaint states as follows:

### ALLEGATIONS COMMON TO ALL COUNTS

1.      Plaintiff, ROW Equipment, Inc. (herein sometimes "ROW" or "Plaintiff") is a corporation organized and existing under the laws of the State of Georgia with its principal place of business being at 6422 US HWY 84, Patterson, GA 31557.

2.      Defendant, Global Energy Solutions, Inc. (herein "Global") is a corporation organized and existing under the laws of the State of Maine with its principal place of business being at 707 Sable Oaks Dr, Ste 150, South Portland, ME  04106.  Upon inspection of the Alabama Secretary of State's website it does not appear Global is registered or authorized to do business in the state of Alabama.

3.      Defendant Sabal Trail Transmission, LLC (herein "Sabal"), is a Texas Limited Liability Company with its principal place of business being at 5400 Westheimer Court, Houston, TX 77056, and authorized to do business in the State of Alabama.

4.    Price Gregory International, Inc. (herein "PGI") is a corporation organized and existing under the laws of the State of Delaware with its principal place of business being at 1209 Orange Street, Wilmington, DE 19801, and authorized to do business in the State of Alabama.

5.    Defendant Philadelphia Indemnity Insurance Company (herein "Philadelphia Indemnity"), a surety company organized and existing under the laws of the State of Pennsylvania with its principal place of business being at 308 East Lancaster Avenue Wynnewood, Pennsylvania 19096-1993, and authorized to do business in the State of Alabama.

## BACKGROUND

6.    Defendant Sabal contracted with PGI to construct a natural gas pipeline across the subject properties in Russell County, Alabama. This project is part of a larger construction project in which Sabal is constructing a natural gas pipeline from central Alabama to central Florida.

7.    Defendant Global was subcontracted by PGI to perform certain clearing operations on the subject properties.

8.    Global subcontracted with ROW to lease certain equipment for performance of the clearing operations, to haul Roundwood / Timber being removed from the clearing operations and to dispose of grindings from waste wood.

9.    Upon information and belief PGI and Sabal were aware of Global's relationship with ROW due to certain oversight by the Federal Energy Regulatory Commission (FERC) which required PGI and/or Sabal to disclose to FERC the location of the yards where waste wood grinding would be taken.

10.    Roundwood / Timber are terms of art signifying such quality wood that can be merchandised and sold as: pulpwood, chip & saw, saw logs, etc. Accordingly, the Roundwood / Timber promised to ROW was a valuable commodity.

11.    Shortly into the clearing work, PGI began pressuring Global to speed up its clearing operations.

12.    Global began grinding the Roundwood / Timber that had already been contracted to ROW. Global then removed the grindings from the right of way and disposed of them at the various yards of ROW.

2

13.     Global provided no compensation to ROW for the destruction of the Roundwood / Timber and instead compounded the damage to ROW by dumping not just the waste wood grindings on ROW's yards but also grindings from the destroyed Roundwood / Timber. Further, although Global promised it would deliver only "clean" grindings, the grindings that were dumped were "dirty".

14.     Upon information and belief, PGI has withheld from Global certain sums of money necessary for Global to provide compensation to ROW for the destruction of the Roundwood / Timber and disposal costs of the additional grindings.

## COUNT ONE

### PERFECTION OF LIEN

15.     For this Count, plaintiff incorporates and re-alleges the allegations above, and adds thereto the following:

16.     Plaintiff, through at least January 19, 2017, furnished labor, services, materials and supplies to defendant Global, which were used in the furtherance of improvements being made and facilities being installed upon real estate throughout Alabama and a portion of Georgia.  Specifically, the said real estate is comprised of numerous easements which Sabal obtained from the fee simple property owners along the pipeline trail.  When it became evident that Global was not going to pay its unpaid balance to Plaintiff, Plaintiff provided advance written notice to all involved persons and parties and then filed Verified Statements of Lien on several of the properties for which it provided labor, services, materials and supplies in Russell County, Alabama.

17.     Plaintiff filed seven (7) Verified Statements of Lien on properties in Russell County, copies of said liens are attached hereto as Exhibit "A", and by this reference incorporated herein.

18.     On or about May 10, 2017, Defendant Global filed with Russell County Probate Court a Bond for Transfer of Mechanic's and Materialman's Lien ("Bond"), pursuant to ALA. CODE § 35-11-233(b), a copy of which is attached hereto as Exhibit "B", and by this reference incorporated herein.

19.     On or about May 10, 2017 the Probate Judge of Russell County signed Certificates of Transfer of Lien from Real Property to Bond for each Verified Statement of Lien, copies of said certificates are attached hereto as Exhibit "C" and by this reference incorporated herein.

20.     Plaintiff did furnish certain labor, services, materials and supplies which were used in accomplishing the construction of improvements on the property involved in the pipeline

project, and that the last labor, services, materials or supplies furnished which were used on said improvements was to-wit: January 19, 2017 or later. The unpaid amount due plaintiff for such labor, services, materials and supplies furnished for construction of improvements located on the above described property, after allowing all credits for the same, exceeds $3,306,714.46, together with interest thereon.

21.     Plaintiff claims a lien on the above described property, and the improvements thereon in the amount to be determined by the trier of fact together with interest thereon, which is the amount due Plaintiff for labor, services, materials and supplies furnished for and used in construction of the improvements located on the above described properties.

WHEREFORE, Plaintiff claims a mechanics and materialmen's lien on each said property and upon the improvements erected thereon in the amount of $3,306,714.46, or otherwise determined by the trier of fact, together with interest and costs.

## COUNT TWO
### BREACH OF CONTRACT AGAINST GLOBAL

22.     For this Count, Plaintiff incorporates and re-alleges the allegations of paragraphs 1-14 above, and adds thereto the following:

23.     ROW and Global had a contract.

24.     ROW performed its obligations under the contract.

25.     Global breached said contract, namely by failing to provide to ROW all Roundwood / Timber from the subject properties and by destroying the same.

26.     Global further breached said contract by dumping on ROW's yards grindings from Roundwood / Timber in addition to waste grindings.

27.     Global further has failed to pay for equipment and repairs to such equipment it rented from ROW and utilized in its clearing operations.

WHEREFORE, Plaintiff claims damages in the amount of to be determined by the trier of fact together with interest and costs.

## COUNT THREE
### QUASI CONTRACT – UNJUST ENRICHMENT AGAINST GLOBAL AND PGI

28.     Plaintiff pleads in the alternative to express contract, for recovery under a theory of unjust enrichment. For this Count, Plaintiff incorporates and re-alleges the allegations of paragraphs 1-14 above, and adds thereto the following:

29.     Global and PGI knowingly accepted and benefited from use of ROW's labor, equipment, yards and hauling operations.

30.     ROW reasonably expected from to be compensated by Global or PGI for the use of its labor, equipment, yards and hauling operations.

31.     Global and PGI have failed to pay ROW for the use of its labor, equipment, yards and hauling operations and instead have unjustly retained such benefits.

32.     Global's actions are further unconscionable due to its purposeful destruction of the Roundwood / Timber which had been promised as partial compensation to ROW.

33.     PGI's actions are further unconscionable as it was aware it that its timing pressure on Global would coerce Global into destroying valuable Roundwood / Timber that had been promised to ROW.

WHEREFORE, Plaintiff claims damages in the amount of to be determined by the trier of fact together with interest and costs.

## COUNT FOUR
### CONVERSION AGAINST GLOBAL

34.     For this Count, plaintiff incorporates and re-alleges the allegations of paragraphs 1-14 above, and adds thereto the following:

35.     ROW had right to possess all Roundwood / Timber cleared from the subject properties by Global.

36.     Global purposefully destroyed the Roundwood / Timber depriving ROW from possession of the same.

5

37. Such destruction caused damages in the loss of the value of the Roundwood / Timber.

38. Such destruction by Global was wanton and with blatant disregard to ROW's rights.

WHEREFORE, Plaintiff claims compensatory and punitive damages in the amount of to be determined by the trier of fact together with interest and costs.

Respectfully submitted, this the 19th day of May, 2017,

/s/Gregory H. Revera
Gregory H. Revera (REV001)
REVERA LAW FIRM, LLC
120 Holmes Ave. Ste. 303
Huntsville, AL  35801
256-217-4554

/s/Bethany H. Sneed
Bethany H. Sneed (HAR337)
HARRISON, GAMMONS & RAWLINSON, P.C.
2430 L & N Drive
Huntsville, Alabama 35801
(256) 533-7711

/s/James McKoon
James R. McKoon, Jr. (MCK020)
McKoon & Gable
P.O. Box 3220
Phenix City, Alabama 36868-3220

Attorneys for Plaintiff,
ROW Equipment, Inc.

PLAINTIFF DEMANDS TRIAL BY STRUCK JURY

/s/Gregory H. Revera
Gregory H. Revera
REVERA LAW FIRM, LLC

**Serve Defendants by Certified Mail at:**

**GLOBAL ENERGY SOLUTIONS, INC.**
707 Sable Oaks Dr., STE 150
South Portland, Maine 04106


**SABAL TRAIL TRANSMISSION, LLC**
**AGENT: C T CORPORATION SYSTEM**
2 North Jackson Street, STE 605
Montgomery, Alabama 36104


**PRICE GREGORY INTERNATIONAL, INC.**
**AGENT: CORPORATION SERVICE COMPANY, INC.**
641 South Lawrence Street
Montgomery, Alabama  36104


**PHILADELPHIA INDEMNITY INSURANCE COMPANY**
**AGENT: C T CORPORATION SYSTEM**
2 North Jackson Street, STE 605
Montgomery, Alabama 36104

# Exhibit "A"

STATE OF ALA.RUSSELL CO.
I CERTIFY THIS INSTRUMENT WAS FILED ON
JUDG 00113 PG 0293 2017 Apr 12 10:53AM
Alford M. Harden Jr.
JUDGE OF PROBATE

STATE OF ALABAMA )
                 :
COUNTY OF RUSSELL )

### VERIFIED STATEMENT OF LIEN

COMES NOW. John A. James. and files this statement in writing, as President of ROW Equipment. Inc. a Georgia corporation, ("ROW"), who has personal knowledge of the facts set forth herein:

That ROW claims a lien upon the following described property situated in Russell County. Alabama. to-wit:

Tract 1 in Parcel "B" according to a plat of survey of the Subdivision of Part of Tract 8 of the Gordon S. Ferrell Survey of lands of the Estate of Jack McCoy and Mason McCoy. Deceased. prepared by G.V. Carr and Company on April 26. 1980 and recorded in Cabinet E. Folio 91 in the office of the Judge of Probate of Russell County. Alabama. which plat is incorporated in and made a part of this conveyance by reference thereto: situate and being partly in Section 20 and partly in Section 29, all in Township 15 North. Range 30 East. Russell County, Alabama and containing 59.7229 ACRES.

Being that same parcel conveyed to Juanita McCoy. John A. McCoy. Maggie Hunter. Mamie Frazier, Juanita Mann, Jack McCoy, Jr., Joseph A. McCoy, Sallie Stretter. Maccine Horace, Hazel King and Gilbert McCoy by way of that certain Warranty Deed of Partition and Division executed on September 15, 1980 and recorded in the Office of the Judge of Probate of Russell County. Alabama on May 13. 1981 in Volume 590. Page 971.

(the "Property"). More specifically, ROW claims a lien upon the portion of the Property that is described in that certain Grant of Easement which was executed by those holding an ownership interest in and to the Property in favor of Sabal Trail Transmission. LLC. and being of record in the Office of the Judge of Probate. Russell County. Alabama.

This lien is claimed to secure an indebtedness of Three Million. One Hundred Ninety-Six Thousand. Seven Hundred Ninety-Nine and 51/100 ($3,196,799.51) Dollars, with interest. for work. labor and materials provided by ROW in furtherance of improvements being made and facilities installed on and under the Property.

The name of the owners or proprietors of the Property are Alfredean McCoy, Kenneth McCoy, Clarence Hunter, Jr., Gloria Flute, Peggy Pickens, Velma Harley, Valerie Brooks, Jeffrey Hunter, Juanita Hunter, Mamie Frazier-Twyman, Juanita Mann, Bessie McCoy, Audrey McCoy, Endra Morgan, Shelia Mays, Diane Mott, Michael McCoy, Macine Horace and Hazel King.

ROW EQUIPMENT, INC., a Georgia corporation

By: John A. James
Its: President

STATE OF GEORGIA )
                 :
COUNTY OF Pierce )

This instrument was acknowledged before me this 10th day of April , 2017. by John A. James of ROW Equipment, Inc., a Georgia corporation, on behalf of the corporation.

✓ Personally Known
__ Produced Identification
Type and # of ID _____

[SEAL]

NOTARY SIGNATURE

Mindy H Winn
Name of Notary Typed. Stamped or Printed
Notary Public. State of Georgia

THIS INSTRUMENT PREPARED BY:
Bethany H. Sneed; Harrison Gammons & Rawlinson, P C
2430 L & N Drive Huntsville. AL 35801; 256-533-7711; bethany@hgrpc.com

| INDEX | $5.00 |
| REC FEE | $20.00 |
| CERT | $0.00 |
| CHECK TOTAL | $25.00 |
| 82629 | Clerk: DIANE 10:53AM |





STATE OF ALA.RUSSELL CO.
I CERTIFY THIS INSTRUMENT WAS FILED ON
JUDG 00113 PG 0292 2017 Apr 12 10:53AM
Alford M. Harden Jr.
JUDGE OF PROBATE

STATE OF ALABAMA )
                   :
COUNTY OF RUSSELL )

### VERIFIED STATEMENT OF LIEN

COMES NOW, John A. James, and files this statement in writing, as President of ROW Equipment, inc . a Georgia corporation, ("ROW"), who has personal knowledge of the facts set forth herein;

That ROW claims a lien upon the following described property situated in Russell County, Alabama, to-wit:

ALL THAT LOT, TRACT OR PARCEL OF LAND SITUATE, LYING AND BEING IN THE STATE OF ALABAMA AND COUNTY OF RUSSELL, WHICH IS KNOWN AND DISTINGUISHED AS ALL OF PARCEL "B" OF THAT CERTAIN SUBDIVISION OF LAND KNOWN AS SURVEY OF PART OF SECTION 4, T14N, R30E, RUSSELL COUNTY, ALABAMA ACCORDING TO A MAP OR PLAT OF SAID SUBDIVISION WHICH IS RECORDED IN THE OFFICE OF THE PROBATE JUDGE OF RUSSELL COUNTY, ALABAMA, IN PLAT SLIDE 20, FOLIO 29 WHICH IS ALSO DESIGNATED BY A MISCELLANEOUS VOLUME AND PAGE TO WHICH REFERENCE IS MADE FOR THE SPECIFIC DIMENSIONS AND LOCATION OF SAID PROPERTY.

BEING THAT SAME PARCEL CONVEYED TO BARBARA DUMAS BY WAY OF THAT CERTAIN WARRANTY DEED EXECUTED ON JULY 9, 2010 AND RECORDED IN THE OFFICE OF THE JUDGE OF PROBATE OF RUSSELL COUNTY, ALABAMA ON MAY 11, 2012 IN DEED 01203, PAGE 0030.

(the "Property"). More specifically, ROW claims a lien upon the portion of the Property that is described in that certain Grant of Easement which was executed by those holding an ownership interest in and to the Property in favor of Sabal Trail Transmission, LLC, and being of record in the Office of the Judge of Probate, Russell County, Alabama.

This lien is claimed to secure an indebtedness of Three Million, One Hundred Ninety-Six Thousand, Seven Hundred Ninety-Nine and 51/100 ($3,196,799.51) Dollars, with interest, for work, labor and materials provided by ROW in furtherance of improvements being made and facilities installed on and under the Property.

The name of the owner or proprietor of the Property is Barbara Dumas.

ROW EQUIPMENT, INC., a Georgia corporation

By: John A. James
Its: President

STATE OF GEORGIA )
                  :
COUNTY OF Pierce )

This instrument was acknowledged before me this 10th day of Apri 1 , 2017, by John A. James of ROW Equipment, Inc., a Georgia corporation, on behalf of the corporation.

_____ Personally Known
_____ Produced Identification
Type and # of ID

[SEAL]

NOTARY SIGNATURE
Mindy H Winn
Name of Notary Typed, Stamped or Printed
Notary Public, State of Georgia

THIS INSTRUMENT PREPARED BY:
Bethany H. Sneed, Harrison Gammons & Rawlinson, P C
2430 L & N Drive Huntsville, AL 35801, 256-533-7711, bethany@hgrpc.com

| INDEX | $5.00 |
| REC FEE | $3.00 |
| CERT | $0.00 |
| CHECK TOTAL | $8.00 |
| 82629 | Clerk: DIANE 10:53AM |

STATE OF ALA.RUSSELL CO.
I CERTIFY THIS INSTRUMENT WAS FILED ON
JUDG 00113 PG 0294 2017 Apr 12 10:53AM
Alford M. Harden Jr.
JUDGE OF PROBATE

STATE OF ALABAMA )
                 :
COUNTY OF RUSSELL )

## VERIFIED STATEMENT OF LIEN

COMES NOW, John A. James, and files this statement in writing, as President of ROW Equipment, Inc., a Georgia corporation, ("ROW"), who has personal knowledge of the facts set forth herein:

That ROW claims a lien upon the following described property situated in Russell County, Alabama, to-wit:

TRACT 2 IN PARCEL "B", ACCORDING TO A PLAT OR SURVEY OF THE SUBDIVISION OF PART OF TRACT 8 OF THE GORDON S. FERRELL SURVEY OF LANDS OF THE ESTATE OF JACK MCCOY AND MASON MCCOY, DECEASED, PREPARED BY G.V. CARR AND COMPANY ON APRIL 26, 1980, AND RECORDED IN CABINET E, FOLIO 91, IN THE OFFICE OF THE JUDGE OF PROBATE OF RUSSELL COUNTY, ALABAMA; WHICH PLAT IS INCORPORATED IN AND MADE A PART HEREOF BY REFERENCE THERETO; SITUATE AND BEING PARTLY IN SECTION 20 AND PARTLY IN SECTION 29, ALL IN TOWNSHIP 15 NORTH, RANGE 30 EAST, RUSSELL COUNTY, ALABAMA, AND CONTAINING 39.4767 ACRES.

BEING THAT SAME PARCEL CONVEYED TO BEREATHER HENRY WILLIAMS BY WAY OF THAT CERTAIN WARRANTY DEED EXECUTED ON OCTOBER 2, 1999 AND RECORDED IN THE OFFICE OF THE JUDGE OF PROBATE OF RUSSELL COUNTY, ALABAMA ON OCTOBER 21, 1999 IN VOLUME 896, PAGE 97.

(the "Property"). More specifically, ROW claims a lien upon the portion of the Property that is described in that certain Grant of Easement which was executed by those holding an ownership interest in and to the Property in favor of Sabal Trail Transmission, LLC, and being of record in the Office of the Judge of Probate, Russell County, Alabama.

This lien is claimed to secure an indebtedness of Three Million, One Hundred Ninety-Six Thousand, Seven Hundred Ninety-Nine and 51/100 ($3,196,799.51) Dollars, with interest, for work, labor and materials provided by ROW in furtherance of improvements being made and facilities installed on and under the Property.

The name of the owner or proprietor of the Property is Bereather Henry Williams.

ROW EQUIPMENT, INC., a Georgia
corporation

By: John A. James
Its: President

STATE OF GEORGIA )
                 :
COUNTY OF Pierce )

This instrument was acknowledged before me this 10th day of April, 2017, by John A. James of ROW Equipment, Inc., a Georgia corporation, on behalf of the corporation.

___ Personally Known
___ Produced Identification
Type and # of ID _____

[SEAL]

NOTARY SIGNATURE

Mindy H Winn
Name of Notary Typed, Stamped or Printed
Notary Public, State of Georgia

THIS INSTRUMENT PREPARED BY
Bethany H. Sneed; Harrison Gammons & Rawlinson, P.C.
2430 L & N Drive Huntsville, AL 35801, 256-533-7711, bethany@hgrpc.com

| | |
|---|---|
| INDEX | $5.00 |
| REC FEE | $3.00 |
| CERT | $0.00 |
| CHECK TOTAL | $8.00 |
| 82629 | Clerk: DIANE 10:53AM |

11.00

JUDG 00113 PAGE 0295

STATE OF ALABAMA        )
                        :
COUNTY OF RUSSELL       )

### VERIFIED STATEMENT OF LIEN

COMES NOW, John A. James, and files this statement in writing, as President of ROW Equipment, Inc., a Georgia corporation, ("ROW"), who has personal knowledge of the facts set forth herein:

That ROW claims a lien upon the following described property situated in Russell County, Alabama, to-wit:

THE SOUTH HALF AND THE SOUTH HALF OF THE NORTH HALF OF SECTION 10. THE SOUTH HALF OF THE NORTH HALF OF SECTION 11 AND ONE HUNDRED ACRES ON THE NORTH HALF OF THE SOUTH HALF OF SECTION 11, SAID ONE HUNDRED ACRES LYING IN THE SHAPE OF A PARALLELOGRAM HAVING FOR ITS NORTH BOUNDARY LINE THE EAST AND WEST HALF SECTION LINE, ALL OF SAID LAND BEING IN TOWNSHIP 14, RANGE 30, CONTAINING 740 ACRES, MORE OR LESS, LYING AND BEING IN THE COUNTY OF RUSSELL AND STATE OF ALABAMA.

LESS AND EXCEPT THE FOLLOWING:

THE PROPERTY DESCRIBED IN THAT CERTAIN WARRANTY DEED FROM CLAUDE H. DAVIS, JR. AND WIFE, SARA A. DAVIS, TO SOUTH GEORGIA NATURAL GAS COMPANY, A CORPORATION, DATED JULY, 1963 AND RECORDED IN DEED BOOK 376, PAGE 525, IN THE OFFICE OF THE JUDGE OF PROBATE, RUSSELL COUNTY, ALABAMA.

THE PROPERTY DESCRIBED AS PARCELS ONE AND TWO IN THAT CERTAIN WARRANTY DEED FROM C.H. DAVIS, JR. AND WIFE, SARA DAVIS, TO EMPIRE LAND COMPANY DATED AUGUST 23, 1966 AND RECORDED IN DEED BOOK 438, PAGE 202; AFORESAID RECORDS;

THE PROPERTY DESCRIBED IN THAT CERTAIN WARRANTY DEED FROM CLAUDE H. DAVIS, JR. AND WIFE, SARA A. DAVIS, TO GEORGE HUBERTZ AND WIFE, MARY ANNA HUBERTZ DATED DECEMBER 2, 1968 AND RECORDED IN DEED BOOK 461, PAGE 455, AFORESAID RECORDS;

THE PROPERTY DESCRIBED IN THAT CERTAIN WARRANTY DEED FROM CLAUDE H. DAVIS, JR. AND WIFE, SARA A. DAVIS, TO GEORGE J.D. OSBORNE AND WIFE, PAULINE OSBORNE AND SON, JAMES DAVID OSBORNE, DATED JANUARY 2, 1969 AND RECORDED IN DEED BOOK 461, PAGE 868, AFORESAID RECORDS;

THE PROPERTY DESCRIBED IN THAT CERTAIN WARRANTY DEED FROM SARA ALLEN DAVIS, A WIDOW, TO PAUL LAURENCE DAVIS AND WIFE, LEISA MARIE DAVIS, DATED APRIL 26, 1984 AND RECORDED IN DEED BOOK 618, PAGE 798, AFORESAID RECORDS;

THE PROPERTY DESCRIBED IN THAT CERTAIN WARRANTY DEED OF GIFT FROM SARA A. DAVIS, A WIDOW, TO FORT MITCHELL WATER SYSTEMS, INC. DATED JULY 20, 1987 AND RECORDED IN DEED BOOK 664, PAGE 246, AFORESAID RECORDS;

THE PROPERTY DESCRIBED AS PARCELS ONE, TWO, THREE AND FOUR IN

$5.00
$6.00
$0.00
$11.00

Clerk: DIANE 10:53AM

INDEX
REC FEE
CERT
CHECK TOTAL
82529



STATE OF ALA RUSSELL CO.
I CERTIFY THIS INSTRUMENT WAS FILED ON
JUDG 00113 PG 0295-0296 2017-Apr-12 10:53AM
Alford M. Harden Jr.
JUDGE OF PROBATE

JUDG 00113 PAGE 0296

BEING THAT SAME PROPERTY CONVEYED TO FAIRFIELD PLANTATION LIMITED PARTNERSHIP, AN ALABAMA LIMITED PARTNERSHIP BY WAY OF THAT CERTAIN WARRANTY DEED EXECUTED ON DECEMBER 21, 1999 AND RECORDED IN THE OFFICE OF THE JUDGE OF PROBATE OF RUSSELL COUNTY, ALABAMA ON DECEMBER 30, 1999 IN VOLUME 900, PAGE 229.

(the "Property"). More specifically, ROW claims a lien upon the portion of the Property that is described in that certain Grant of Easement which was executed by those holding an ownership interest in and to the Property in favor of Sabal Trail Transmission, LLC, and being of record in the Office of the Judge of Probate, Russell County, Alabama.

This lien is claimed to secure an indebtedness of Three Million, One Hundred Ninety-Six Thousand, Seven Hundred Ninety-Nine and 51/100 ($3,196,799.51) Dollars, with interest, for work, labor and materials provided by ROW in furtherance of improvements being made and facilities installed on and under the Property.

The name of the owner or proprietor of the Property is **Fairfield Plantation Limited Partnership.**

> **ROW EQUIPMENT, INC., a Georgia corporation**
>
> By:    John A. James
> Its:    President

**STATE OF GEORGIA**      )
                      :
**COUNTY OF** _Pierce_      )

This instrument was acknowledged before me this _10th_ day of _April_, 2017, by John A. James of ROW Equipment, Inc., a Georgia corporation, on behalf of the corporation.

✓ Personally Known
\_\_\_\_ Produced Identification
Type and # of ID _____

[SEAL]

NOTARY SIGNATURE

_Mindy H Winn_
Name of Notary Typed, Stamped or Printed
Notary Public, State of Georgia

THIS INSTRUMENT PREPARED BY:
Bethany H. Sneed; Harrison Gammons & Rawlinson, P.C.
2430 L & N Drive Huntsville, AL 35801; 256-533-7711; bethany@hgrpc.com

STATE OF ALA.RUSSELL CO.
I CERTIFY THIS INSTRUMENT WAS FILED ON
JUDG 00114 PG 0001 2017 Apr 17 09:56AM
Alford M. Harden Jr.
JUDGE OF PROBATE

STATE OF ALABAMA        )
                        :
COUNTY OF RUSSELL       )

### VERIFIED STATEMENT OF LIEN

COMES NOW, John A. James, and files this statement in writing, as President of ROW Equipment, Inc., a Georgia corporation, ("ROW"), who has personal knowledge of the facts set forth herein:

That ROW claims a lien upon the following described property situated in Russell County, Alabama, to-wit:

TAX PARCEL:     57-16-01-02-00-000-018.000 (the "Property")

The Property is also described as follows:

BEING ONE OF THOSE PARCELS CONVEYED TO PERRY DALE TILLMAN, SR. BY WAY OF THAT CERTAIN DEED RESERVING A LIFE ESTATE EXECUTED ON FEBRUARY 24, 2010 AND RECORDED IN THE OFFICE OF THE JUDGE OF PROBATE OF RUSSELL COUNTY, ALABAMA ON FEBRUARY 26, 2010 IN DEED BOOK 01148, PAGE 0094.

AND

A PORTION OF THE PROPERTY CONVEYED TO LUTHER T. TILLMAN, EDNA T. HILL, LILLIAN T. ROBINSON AND BURAH WASHINGTON BY WAY OF THAT CERTAIN WARRANTY DEED EXECUTED JANUARY 23, 1985 AND RECORDED IN THE OFFICE OF THE JUDGE OF PROBATE OF RUSSELL COUNTY, ALABAMA ON JANUARY 23, 1985 IN VOLUME 629, PAGE 137.

(the "Property"). More specifically, ROW claims a lien upon the portion of the Property that is described in that certain Grant of Easement which was executed by those holding an ownership interest in and to the Property in favor of Sabal Trail Transmission, LLC, and being of record in the Office of the Judge of Probate, Russell County, Alabama.

This lien is claimed to secure an indebtedness of Three Million, One Hundred Ninety-Six Thousand, Seven Hundred Ninety-Nine and 51/100 ($3,196,799.51) Dollars, with interest, for work, labor and materials provided by ROW in furtherance of improvements being made and facilities installed on and under the Property.

The name of the owners or proprietors of the Property is Perry Dale Tillman, Sr., Lillian T. Robinson, Edna T. Hill or her heirs and Burah Washington or her heirs.

ROW EQUIPMENT, INC., a Georgia corporation

By:  John A. James
Its:  President

STATE OF GEORGIA        )
                        :
COUNTY OF Pierce        )

This instrument was acknowledged before me this 13th day of April, 2017, by John A. James of ROW Equipment, Inc., a Georgia corporation, on behalf of the corporation.

_____ Personally Known
_____ Produced Identification
       Type and # of ID _____

[SEAL]

NOTARY SIGNATURE
Mindy H Winn
Name of Notary Typed, Stamped or Printed
Notary Public, State of Georgia

THIS INSTRUMENT PREPARED BY:
Bethany H. Secoř; Harmon Gammons & Rawlinson, P.C.
2430 L & N Drive, Huntsville, AL 35801 256-533-7711

$5.00
$5.00
$0.00
$10.00
Clerk: DIANE 09:56AM

INDEX
REC FEE
CERT
CHECK TOTAL
82681

STATE OF ALA RUSSELL CO.
I CERTIFY THIS INSTRUMENT WAS FILED ON
JUDG 00113 PG 0350 2017 Apr 17 09:56AM
Alford M. Harden Jr.
JUDGE OF PROBATE

STATE OF ALABAMA          )
                         :
COUNTY OF RUSSELL        )

### VERIFIED STATEMENT OF LIEN

COMES NOW, John A. James, and files this statement in writing, as President of ROW Equipment, Inc., a Georgia corporation, ("ROW"), who has personal knowledge of the facts set forth herein:

That ROW claims a lien upon the following described property situated in Russell County, Alabama, to-wit:

TAX PARCELS:     57-16-01-02-00-000-020.000 (the "Property")

The Property is also described as follows:

BEING ONE OF THOSE PARCELS CONVEYED TO PERRY DALE TILLMAN, SR. BY WAY OF THAT CERTAIN DEED RESERVING A LIFE ESTATE EXECUTED ON FEBRUARY 24, 2010 AND RECORDED IN THE OFFICE OF THE JUDGE OF PROBATE OF RUSSELL COUNTY, ALABAMA ON FEBRUARY 26, 2010 IN DEED BOOK 01148, PAGE 0094;

AND

A PORTION OF THE PROPERTY CONVEYED TO LUTHER T. TILLMAN, EDNA T. HILL, LILLIAN T. ROBINSON AND BURAH WASHINGTON BY WAY OF THAT CERTAIN WARRANTY DEED EXECUTED JANUARY 23, 1985 AND RECORDED IN THE OFFICE OF THE JUDGE OF PROBATE OF RUSSELL COUNTY, ALABAMA ON JANUARY 23, 1985 IN VOLUME 629, PAGE 137.

(the "Property"). More specifically, ROW claims a lien upon the portion of the Property that is described in that certain Grant of Easement which was executed by those holding an ownership interest in and to the Property in favor of Sabal Trail Transmission, LLC, and being of record in the Office of the Judge of Probate, Russell County, Alabama.

This lien is claimed to secure an indebtedness of Three Million, One Hundred Ninety-Six Thousand, Seven Hundred Ninety-Nine and 51/100 ($3,196,799.51) Dollars, with interest, for work, labor and materials provided by ROW in furtherance of improvements being made and facilities installed on and under the Property.

The name of the owners or proprietors of the Property is Perry Dale Tillman, Sr., Lillian T. Robinson, Edna T. Hill or her heirs and Burah Washington or her heirs.

ROW EQUIPMENT, INC., a Georgia
corporation

By:   John A. James
Its:   President

STATE OF GEORGIA          )
                         :
COUNTY OF Pierce         )

This instrument was acknowledged before me this 13th day of April , 2017, by John A. James of ROW Equipment, Inc., a Georgia corporation, on behalf of the corporation.

_____ Personally Known
_____ Produced Identification
Type and # of ID _____

[SEAL]

NOTARY SIGNATURE

Mindy H. Winn
Name of Notary Typed, Stamped or Printed
Notary Public, State of Georgia

THIS INSTRUMENT PREPARED BY:
Bethany H. Sneed, Harmon Gumble & Ruehrwein, P.C.
2430 L & N Drive Huntsville, AL 35801 bethany@hgrpc.com



STATE OF ALA.RUSSELL CO.
I CERTIFY THIS INSTRUMENT WAS FILED ON
JUDG 00113 PG 0349 2017 Apr 17 09:56AM
Alford M. Harden Jr.
JUDGE OF PROBATE

STATE OF ALABAMA          )
                         :
COUNTY OF RUSSELL         )

**VERIFIED STATEMENT OF LIEN**

COMES NOW, John A. James, and files this statement in writing, as President of ROW Equipment, Inc., a Georgia corporation, ("ROW"), who has personal knowledge of the facts set forth herein:

That ROW claims a lien upon the following described property situated in Russell County, Alabama, to-wit:

TAX PARCEL:       57-16-01-02-00-000-020.007 (the "Property")

The Property is also described as follows:

BEING ONE OF THOSE PARCELS CONVEYED TO PERRY DALE TILLMAN, SR. BY WAY OF THAT CERTAIN DEED RESERVING A LIFE ESTATE EXECUTED ON FEBRUARY 24, 2010 AND RECORDED IN THE OFFICE OF THE JUDGE OF PROBATE OF RUSSELL COUNTY, ALABAMA ON FEBRUARY 26, 2010 IN DEED BOOK 01148, PAGE 0094.

AND

A PORTION OF THE PROPERTY CONVEYED TO LUTHER T. TILLMAN, EDNA T. HILL, LILLIAN T. ROBINSON AND BURAH WASHINGTON BY WAY OF THAT CERTAIN WARRANTY DEED EXECUTED JANUARY 23, 1985 AND RECORDED IN THE OFFICE OF THE JUDGE OF PROBATE OF RUSSELL COUNTY, ALABAMA ON JANUARY 23, 1985 IN VOLUME 629, PAGE 137.

(the "Property"). More specifically, ROW claims a lien upon the portion of the Property that is described in that certain Grant of Easement which was executed by those holding an ownership interest in and to the Property in favor of Sabal Trail Transmission, LLC, and being of record in the Office of the Judge of Probate, Russell County, Alabama.

This lien is claimed to secure an indebtedness of Three Million, One Hundred Ninety-Six Thousand, Seven Hundred Ninety-Nine and 51/100 ($3,196,799.51) Dollars, with interest, for work, labor and materials provided by ROW in furtherance of improvements being made and facilities installed on and under the Property.

The name of the owners or proprietors of the Property is Perry Dale Tillman, Sr., Lillian T. Robinson, Edna T. Hill or her heirs and Burah Washington or her heirs.

                                          ROW EQUIPMENT, INC., a Georgia
                                          corporation

                                          By:  _John A. James_
                                          Its:    President

STATE OF GEORGIA          )
                         :
COUNTY OF _Pierce_        )

This instrument was acknowledged before me this _13th_ day of _April_, 2017, by John A. James of ROW Equipment, Inc., a Georgia corporation, on behalf of the corporation.

___✓___  Personally Known
_____  Produced Identification
         Type and # of ID: _____

[SEAL]

                                          _Mindy H. Winn_
                                          NOTARY SIGNATURE

                                          _Mindy H. Winn_
                                          Name of Notary Typed, Stamped or Printed
                                          Notary Public, State of Georgia

THIS INSTRUMENT PREPARED BY:
Bethany H. Snead; Harrison Gammon
2430 L & N Drive, Huntsville, AL 35801   256-533-7711

Clerk: DIANE 09:56AM

$5.00
$5.00
$0.00
$10.00

INDEX
REC FEE
CERT
CHECK TOTAL
82681

# Exhibit "B"



# BOND FOR TRANSFER OF MECHANIC'S AND MATERIALMAN'S LIEN
## (PURSUANT TO ALA. CODE § 35-11-233)

Bond Number: <u>PB11832600015</u>

WHEREAS, ROW Equipment, Inc., ("ROW") has recorded the following liens in Russell County, Alabama, which are collectively referred to as "ROW's Liens"):

(a) a Verified Statement of Lien (the "Dumas Lien"), on April 12, 2017 at Judgment Book 00113, Page 0292, in the amount of $3,196,799.51 in the Office of the Judge of Probate of Russell County, Alabama, against property that is owned by Barbara Dumas;

(b) a Verified Statement of Lien (the "McCoy Lien"), on April 12, 2017 at Judgment Book 00113, Page 0293, in the amount of $3,196,799.51 in the Office of the Judge of Probate of Russell County, Alabama, against property that is owned by Alfredean McCoy, Kenneth McCoy, Clarence Hunter, Jr., Gloria Flute, Peggy Pickens, Velma Harley, Valerie Brooks, Jeffrey Hunter, Juanita Hunter, Mamie Frazier-Twyman, Juanita Mann, Bessie McCoy, Audrey McCoy, Endra Morgan, Shelia Mays, Diane Mott, Michael McCoy, Macine Horace, and Hazel King;

(c) a Verified Statement of Lien (the "Williams Lien"), on April 12, 2017 at Judgment Book 00113, Page 0294, in the amount of $3,196,799.51 in the Office of the Judge of Probate of Russell County, Alabama, against property that is owned by Bereather Henry Williams;

(d) a Verified Statement of Lien (the " Fairfield Plantation Lien"), on April 12, 2017 at Judgment Book 00113, Page 0295, in the amount of $3,196,799.51 in the Office of the Judge of Probate of Russell County, Alabama, against property that is owned by Fairfield Plantation Limited Partnership;

DOCUMENT 2

**COPY**

(e) a Verified Statement of Lien (the "Tillman Lien 1"), on April 17, 2017 at Judgment Book 00113, Page 0349, in the amount of $3,196,799.51 in the Office of the Judge of Probate of Russell County, Alabama, against property that is owned by Perry Dale Tillman, Sr., Lillian T. Robinson, Edna T. Hill or her heirs, and Burah Washington or her heirs;

(f) a Verified Statement of Lien (the "Tillman Lien 2"), on April 17, 2017 at Judgment Book 00113, Page 0350, in the amount of $3,196,799.51 in the Office of the Judge of Probate of Russell County, Alabama, against property that is owned by Perry Dale Tillman, Sr., Lillian T. Robinson, Edna T. Hill or her heirs, and Burah Washington or her heirs; and

(g) a Verified Statement of Lien (the "Tillman Lien 3"), on April 17, 2017 at Judgment Book 00114, Page 0001, in the amount of $3,196,799.51 in the Office of the Judge of Probate of Russell County, Alabama, against property that is owned by Perry Dale Tillman, Sr., Lillian T. Robinson, Edna T. Hill or her heirs, and Burah Washington or her heirs;

WHEREAS, Global Environmental Solutions, Inc. DBA Global Energy Solutions, Inc. ("Principal") disputes the correctness and validity of ROW's Liens but desires to free all of the real property described in the ROW's Liens from the effect of ROW's Liens pursuant to ALA. CODE § 35-11-233;

WHEREFORE, Principal and PHILADELPHIA INDEMNITY INSURANCE COMPANY, a surety company organized and existing under the laws of the State of PENNSYLVANIA and duly licensed to transact business in the State of Alabama, as Surety (the "Surety"), are held and firmly bound unto ROW, its successors and assigns, in the sum of

1/4263377.1



**$3,964,131.39 (Three million nine hundred sixty four thousand one hundred thirty one and**

**39/100) DOLLARS,** being an amount in excess of the amount required under the statute to

satisfy the amount of ROW's Liens ($3,196,799.51), plus interest thereon at 8 percent per year

for 3 years, plus $100 for court costs that may be taxed in any proceeding to enforce ROW's

Liens.

The Bond is conditioned to pay any judgment or decree that may be rendered for the

satisfaction of ROW's Lien and costs. The Bond is further conditioned that if the Principal or

Surety shall pay any judgment or decree that may be rendered for the satisfaction of ROW's

Liens and costs, then the Bond, and all obligations under the Bond, shall be void. The bond is

further conditioned that the Surety's obligation shall be limited to the penal sum stated above.

The Bond is further conditioned that if the Principal or Surety shall cause to be released or

otherwise discharge ROW's claim of $3,196,799.51, then the Bond, and all obligations under the

Bond, shall be void. Otherwise, the Bond shall remain in full force and effect.

The penal sum of this bond shall be the sum mentioned above.

Dated this ___8TH___ day of May, 2017.

GLOBAL ENVIRONMENTAL SOLUTIONS,
INC. DBA GLOBAL ENERGY SOLUTIONS, INC.:

By: _Pamela L Wright_

Its: _TREASURER_

PHILADELPHIA INDEMNITY INSURANCE COMPANY:

By: _Melanie A. Bonnevie_

Melanie A. Bonnevie

Its: Attorney-In-Fact_____

**[ATTACH POWER OF ATTORNEY FOR SURETY]**

33.



**PHILADELPHIA INDEMNITY INSURANCE COMPANY**
One Bala Plaza, Suite 100
Bala Cynwyd, PA 19004
Power of Attorney

KNOW ALL PERSONS BY THESE PRESENTS: that PHILADELPHIA INDEMNITY INSURANCE COMPANY (the Company), a corporation organized and existing under the laws of the Commonwealth of Pennsylvania, does hereby constitute and appoint: Robert Shaw; Heidi Rodzen; Melanie A. Bonnevie; Joline L. Binette OF THE CITY OF LEWISTON, STATE OF MAINE.

Its true and lawful Attorney(s) in fact with full authority to execute on its behalf bonds, undertakings, recognizances and other contracts of indemnity and writings obligatory in the nature thereof, issued in the course of its business and to bind the Company thereby, in an amount not to exceed **$25,000,000**

This Power of Attorney is granted and is signed and sealed by facsimile under and by the authority of the following Resolution adopted by the Board of Directors of PHILADELPHIA INDEMNITY INSURANCE COMPANY at a meeting duly called the 1st day of July, 2011.

**RESOLVED:**      That the Board of Directors hereby authorizes the President or any Vice President of the Company to: (1) Appoint Attorney(s) in Fact and authorize the Attorney(s) in Fact to execute on behalf of the Company bonds and undertakings, contracts of indemnity and other writings obligatory in the nature thereof and to attach the seal of the Company thereto; and (2) to remove, at any time, any such Attorney-in-Fact and revoke the authority given. And, be it

**FURTHER RESOLVED:**      That the signatures of such officers and the seal of the Company may be affixed to any such Power of Attorney or certificate relating thereto by facsimile, and any such Power of Attorney so executed and certified by facsimile signatures and facsimile seal shall be valid and biding upon the Company in the future with the respect to any bond or undertaking to which it is attached.

IN TESTIMONY WHEREOF, PHILADELPHIA INDEMNITY INSURANCE COMPANY HAS CAUSED THIS INSTRUMENT TO BE SIGNED AND ITS CORPORATE SEAL TO BE AFFIXED BY ITS AUTHORIZED OFFICE THIS 7TH DAY OF FEBRUARY 2013.

(Seal)



Robert D. O'Leary Jr., President & CEO
Philadelphia Indemnity Insurance Company

On this 7th day of February 2013, before me came the individual who executed the preceding instrument, to me personally known, and being by me duly sworn said that he is the therein described and authorized officer of the PHILADELPHIA INDEMNITY INSURANCE COMPANY; that the seal affixed to said instrument is the Corporate seal of said Company; that the said Corporate Seal and his signature were duly affixed.

COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
DANIELLE PORATH, Notary Public
Lower Merion Twp., Montgomery County
My Commission Expires March 22, 2016

Notary Public:

(Notary Seal)      residing at:      Bala Cynwyd, PA

My commission expires:      March 22, 2016

I, Craig P. Keller, Executive Vice President, Chief Financial Officer and Secretary of PHILADELPHIA INDEMNITY INSURANCE COMPANY, do herby certify that the foregoing resolution of the Board of Directors and this Power of Attorney issued pursuant thereto are true and correct and are still in full force and effect. I do further certify that Robert D. O'Leary Jr., who executed the Power of Attorney as President, was on the date of execution of the attached Power of Attorney the duly elected President of PHILADELPHIA INDEMNITY INSURANCE COMPANY,

In Testimony Whereof I have subscribed my name and affixed the facsimile seal of each Company this __8th__ day of __May__ , 20__17__ .

Craig P. Keller, Executive Vice President, Chief Financial Officer & Secretary
PHILADELPHIA INDEMNITY INSURANCE COMPANY

# Exhibit "C"

IN THE PROBATE COURT FOR RUSSELL COUNTY, ALABAMA

| | |
|---|---|
| GLOBAL ENVIRONMENTAL SOLUTIONS, INC. DBA GLOBAL ENERGY SOLUTIONS, INC. | ) ) ) |
| | ) |
| PETITIONER, | ) |
| | ) |
| v. | ) CASE NO.: { _____ } |
| | ) |
| ROW EQUIPMENT, INC. | ) |
| | ) |
| | ) |
| RESPONDENT. | ) |

## CERTIFICATE OF TRANSFER OF LIEN
## FROM REAL PROPERTY TO BOND

The Petitioner, Global Environmental Solutions, Inc. DBA Global Energy Solutions, Inc. ("GES"), has filed in this Court, its petition requesting that this Court certify to the lien claimant, that its Verified Statement of Lien, recorded in Judgment Book 00113, Page 0292 (the "Dumas Lien"), in this Court has been transferred from the real property upon which the lien is sought to be imposed to the Bond for Transfer of Lien, which was filed by GES, pursuant to § 35-11-233 ALA. CODE and which is attached hereto.

It appears to the Court, and it is so ordered, that the Bond has been properly prepared, executed and filed and that the Dumas Lien is hereby transferred from the real property to the Bond.

NOW, THEREFORE, the Court does hereby accordingly certify to ROW Equipment, Inc., the Respondent, that the Bond filed by GES has been properly prepared, executed and filed and that the Court has accordingly transferred the Dumas Lien from the real estate to the Bond.

1

The Clerk of this Court is hereby ordered to (1) send, by certified mail, a copy of this certificate, together with a copy of the petition filed by Petitioner to Row Equipment, Inc. at the following addresses:

> ROW Equipment, Inc.
> c/o Greg Revera
> Revera Law Firm, LLC
> 120 Holmes Avenue NE
> Suite 303
> Huntsville, Alabama 35801
>
> ROW Equipment, Inc.
> c/o Bethany H. Sneed
> Harrison, Gammons & Rawlinson
> 3430 L&N Drive
> Huntsville, AL 35801

and (2) record a copy of this certificate in the recording division of this Court.

DONE AND ORDERED, this *10* day of May, 2017.

_____
                              PROBATE JUDGE

1/4259048.3

IN THE PROBATE COURT FOR RUSSELL COUNTY, ALABAMA

| | | |
|---|---|---|
| GLOBAL ENVIRONMENTAL SOLUTIONS, INC. DBA GLOBAL ENERGY SOLUTIONS, INC. | ) ) ) | |
| | ) | |
| PETITIONER, | ) ) | |
| v. | ) ) | CASE NO.: {_____} |
| ROW EQUIPMENT, INC. | ) ) | |
| | ) ) | |
| RESPONDENT. | ) | |

## CERTIFICATE OF TRANSFER OF LIEN
## FROM REAL PROPERTY TO BOND

The Petitioner, Global Environmental Solutions, Inc. DBA Global Energy Solutions, Inc. ("GES"), has filed in this Court, its petition requesting that this Court certify to the lien claimant, that its Verified Statement of Lien, recorded in Judgment Book 00113, Page 0293 (the "McCoy Lien"), in this Court has been transferred from the real property upon which the lien is sought to be imposed to the Bond for Transfer of Lien, which was filed by GES, pursuant to § 35-11-233 ALA. CODE and which is attached hereto.

It appears to the Court, and it is so ordered, that the Bond has been properly prepared, executed and filed and that the McCoy Lien is hereby transferred from the real property to the Bond.

NOW, THEREFORE, the Court does hereby accordingly certify to ROW Equipment, Inc., the Respondent, that the Bond filed by GES has been properly prepared, executed and filed and that the Court has accordingly transferred the McCoy Lien from the real estate to the Bond.

1

1/4259070.3

The Clerk of this Court is hereby ordered to (1) send, by certified mail, a copy of this certificate, together with a copy of the petition filed by Petitioner to Row Equipment, Inc. at the following addresses:

>**ROW Equipment, Inc.**
>**c/o Greg Revera**
>**Revera Law Firm, LLC**
>**120 Holmes Avenue NE**
>**Suite 303**
>**Huntsville, Alabama 35801**
>
>**ROW Equipment, Inc.**
>**c/o Bethany H. Sneed**
>**Harrison, Gammons & Rawlinson**
>**3430 L&N Drive**
>**Huntsville, AL 35801**

and (2) record a copy of this certificate in the recording division of this Court.

DONE AND ORDERED, this _10_ day of May, 2017.

_____
PROBATE JUDGE

2

IN THE PROBATE COURT FOR RUSSELL COUNTY, ALABAMA

| | | |
|---|---|---|
| **GLOBAL ENVIRONMENTAL SOLUTIONS, INC. DBA GLOBAL ENERGY SOLUTIONS, INC.** | ) ) ) | |
| | ) | |
| **PETITIONER,** | ) ) | |
| **v.** | ) ) | **CASE NO.: {_____}** |
| **ROW EQUIPMENT, INC.** | ) ) ) | |
| **RESPONDENT.** | ) | |

## CERTIFICATE OF TRANSFER OF LIEN
## FROM REAL PROPERTY TO BOND

The Petitioner, Global Environmental Solutions, Inc. DBA Global Energy Solutions, Inc. ("GES"), has filed in this Court, its petition requesting that this Court certify to the lien claimant, that its Verified Statement of Lien, recorded in Judgment Book 00113, Page 0294 (the "Williams Lien"), in this Court has been transferred from the real property upon which the lien is sought to be imposed to the Bond for Transfer of Lien, which was filed by GES, pursuant to § 35-11-233 ALA. CODE and which is attached hereto.

It appears to the Court, and it is so ordered, that the Bond has been properly prepared, executed and filed and that the Williams Lien is hereby transferred from the real property to the Bond.

NOW, THEREFORE, the Court does hereby accordingly certify to ROW Equipment, Inc., the Respondent, that the Bond filed by GES has been properly prepared, executed and filed and that the Court has accordingly transferred the Williams Lien from the real estate to the Bond.

1

The Clerk of this Court is hereby ordered to (1) send, by certified mail, a copy of this certificate, together with a copy of the petition filed by Petitioner to Row Equipment, Inc. at the following addresses:

> **ROW Equipment, Inc.**
> **c/o Greg Revera**
> **Revera Law Firm, LLC**
> **120 Holmes Avenue NE**
> **Suite 303**
> **Huntsville, Alabama 35801**
>
> **ROW Equipment, Inc.**
> **c/o Bethany H. Sneed**
> **Harrison, Gammons & Rawlinson**
> **3430 L&N Drive**
> **Huntsville, AL 35801**

and (2) record a copy of this certificate in the recording division of this Court.

DONE AND ORDERED, this _10_ day of May, 2017.

PROBATE JUDGE

2

IN THE PROBATE COURT FOR RUSSELL COUNTY, ALABAMA

| | |
|---|---|
| GLOBAL ENVIRONMENTAL SOLUTIONS, )<br>INC. DBA GLOBAL ENERGY SOLUTIONS, )<br>INC. )<br> )<br>        PETITIONER, )<br> )<br>v. )<br> )<br>ROW EQUIPMENT, INC. )<br> )<br> )<br>        RESPONDENT. ) | CASE NO.: {_____} |

## CERTIFICATE OF TRANSFER OF LIEN
## FROM REAL PROPERTY TO BOND

The Petitioner, Global Environmental Solutions, Inc. DBA Global Energy Solutions, Inc. ("GES"), has filed in this Court, its petition requesting that this Court certify to the lien claimant, that its Verified Statement of Lien, recorded in Judgment Book 00113, Page 0295 (the "Fairfield Plantation Lien"), in this Court has been transferred from the real property upon which the lien is sought to be imposed to the Bond for Transfer of Lien, which was filed by GES, pursuant to § 35-11-233 ALA. CODE and which is attached hereto.

It appears to the Court, and it is so ordered, that the Bond has been properly prepared, executed and filed and that the Fairfield Plantation Lien is hereby transferred from the real property to the Bond.

NOW, THEREFORE, the Court does hereby accordingly certify to ROW Equipment, Inc., the Respondent, that the Bond filed by GES has been properly prepared, executed and filed and that the Court has accordingly transferred the Fairfield Plantation Lien from the real estate to the Bond.

1

The Clerk of this Court is hereby ordered to (1) send, by certified mail, a copy of this certificate, together with a copy of the petition filed by Petitioner to Row Equipment, Inc. at the following addresses:

> **ROW Equipment, Inc.**
> **c/o Greg Revera**
> **Revera Law Firm, LLC**
> **120 Holmes Avenue NE**
> **Suite 303**
> **Huntsville, Alabama 35801**
>
> **ROW Equipment, Inc.**
> **c/o Bethany H. Sneed**
> **Harrison, Gammons & Rawlinson**
> **3430 L&N Drive**
> **Huntsville, AL 35801**

and (2) record a copy of this certificate in the recording division of this Court.

DONE AND ORDERED, this _10_ day of May, 2017.

_____
PROBATE JUDGE

1/4259063.3

IN THE PROBATE COURT FOR RUSSELL COUNTY, ALABAMA

| | | |
|---|---|---|
| **GLOBAL ENVIRONMENTAL SOLUTIONS, INC. DBA GLOBAL ENERGY SOLUTIONS, INC.** | ) ) ) | |
| | ) | |
| **PETITIONER,** | ) | |
| | ) | |
| **v.** | ) | **CASE NO.: {_____}** |
| | ) | |
| **ROW EQUIPMENT, INC.** | ) | |
| | ) | |
| | ) | |
| **RESPONDENT.** | ) | |

## CERTIFICATE OF TRANSFER OF LIEN
## FROM REAL PROPERTY TO BOND

The Petitioner, Global Environmental Solutions, Inc. DBA Global Energy Solutions, Inc. ("GES"), has filed in this Court, its petition requesting that this Court certify to the lien claimant, that its Verified Statement of Lien, recorded in Judgment Book 00113, Page 0349 (the "Tillman Lien 1"), in this Court has been transferred from the real property upon which the lien is sought to be imposed to the Bond for Transfer of Lien, which was filed by GES, pursuant to § 35-11-233 ALA. CODE and which is attached hereto.

It appears to the Court, and it is so ordered, that the Bond has been properly prepared, executed and filed and that the Tillman Lien 1 is hereby transferred from the real property to the Bond.

NOW, THEREFORE, the Court does hereby accordingly certify to ROW Equipment, Inc., the Respondent, that the Bond filed by GES has been properly prepared, executed and filed and that the Court has accordingly transferred the Tillman Lien 1 from the real estate to the Bond.

1

The Clerk of this Court is hereby ordered to (1) send, by certified mail, a copy of this certificate, together with a copy of the petition filed by Petitioner to Row Equipment, Inc. at the following addresses:

> **ROW Equipment, Inc.**
> **c/o Greg Revera**
> **Revera Law Firm, LLC**
> **120 Holmes Avenue NE**
> **Suite 303**
> **Huntsville, Alabama 35801**

> **ROW Equipment, Inc.**
> **c/o Bethany H. Sneed**
> **Harrison, Gammons & Rawlinson**
> **3430 L&N Drive**
> **Huntsville, AL 35801**

and (2) record a copy of this certificate in the recording division of this Court.

DONE AND ORDERED, this _10_ day of May, 2017.

_____
PROBATE JUDGE

2

1/4263858.3

IN THE PROBATE COURT FOR RUSSELL COUNTY, ALABAMA

GLOBAL ENVIRONMENTAL SOLUTIONS,  )
INC. DBA GLOBAL ENERGY SOLUTIONS,  )
INC.                                )
                                    )
        PETITIONER,                 )
                                    )
v.                                  )          CASE NO.: {_____}
                                    )
ROW EQUIPMENT, INC.                 )
                                    )
                                    )
        RESPONDENT.                 )

## CERTIFICATE OF TRANSFER OF LIEN
## FROM REAL PROPERTY TO BOND

The Petitioner, Global Environmental Solutions, Inc. DBA Global Energy Solutions, Inc. ("GES"), has filed in this Court, its petition requesting that this Court certify to the lien claimant, that its Verified Statement of Lien, recorded in Judgment Book 00113, Page 0350 (the "Tillman Lien 2"), in this Court has been transferred from the real property upon which the lien is sought to be imposed to the Bond for Transfer of Lien, which was filed by GES, pursuant to § 35-11-233 ALA. CODE and which is attached hereto.

It appears to the Court, and it is so ordered, that the Bond has been properly prepared, executed and filed and that the Tillman Lien 2 is hereby transferred from the real property to the Bond.

NOW, THEREFORE, the Court does hereby accordingly certify to ROW Equipment, Inc., the Respondent, that the Bond filed by GES has been properly prepared, executed and filed and that the Court has accordingly transferred the Tillman Lien 2 from the real estate to the Bond.

1

The Clerk of this Court is hereby ordered to (1) send, by certified mail, a copy of this certificate, together with a copy of the petition filed by Petitioner to Row Equipment, Inc. at the following addresses:

> **ROW Equipment, Inc.**
> **c/o Greg Revera**
> **Revera Law Firm, LLC**
> **120 Holmes Avenue NE**
> **Suite 303**
> **Huntsville, Alabama 35801**
>
> **ROW Equipment, Inc.**
> **c/o Bethany H. Sneed**
> **Harrison, Gammons & Rawlinson**
> **3430 L&N Drive**
> **Huntsville, AL 35801**

and (2) record a copy of this certificate in the recording division of this Court.

DONE AND ORDERED, this _10_ day of May, 2017.

_____
PROBATE JUDGE

2

1/4263859.3

IN THE PROBATE COURT FOR RUSSELL COUNTY, ALABAMA

| | | |
|---|---|---|
| GLOBAL ENVIRONMENTAL SOLUTIONS, INC. DBA GLOBAL ENERGY SOLUTIONS, INC. | ) ) ) | |
| | ) | |
| PETITIONER, | ) ) | |
| | ) | |
| v. | ) ) | CASE NO.: {_____} |
| ROW EQUIPMENT, INC. | ) ) | |
| | ) ) | |
| RESPONDENT. | ) | |

## CERTIFICATE OF TRANSFER OF LIEN
## FROM REAL PROPERTY TO BOND

The Petitioner, Global Environmental Solutions, Inc. DBA Global Energy Solutions, Inc. ("GES"), has filed in this Court, its petition requesting that this Court certify to the lien claimant, that its Verified Statement of Lien, recorded in Judgment Book 00114, Page 0001 (the "Tillman Lien 3"), in this Court has been transferred from the real property upon which the lien is sought to be imposed to the Bond for Transfer of Lien, which was filed by GES, pursuant to § 35-11-233 ALA. CODE and which is attached hereto.

It appears to the Court, and it is so ordered, that the Bond has been properly prepared, executed and filed and that the Tillman Lien 3 is hereby transferred from the real property to the Bond.

NOW, THEREFORE, the Court does hereby accordingly certify to ROW Equipment, Inc., the Respondent, that the Bond filed by GES has been properly prepared, executed and filed and that the Court has accordingly transferred the Tillman Lien 3 from the real estate to the Bond.

1

The Clerk of this Court is hereby ordered to (1) send, by certified mail, a copy of this certificate, together with a copy of the petition filed by Petitioner to Row Equipment, Inc. at the following addresses:

> **ROW Equipment, Inc.**
> **c/o Greg Revera**
> **Revera Law Firm, LLC**
> **120 Holmes Avenue NE**
> **Suite 303**
> **Huntsville, Alabama 35801**
>
> **ROW Equipment, Inc.**
> **c/o Bethany H. Sneed**
> **Harrison, Gammons & Rawlinson**
> **3430 L&N Drive**
> **Huntsville, AL 35801**

and (2) record a copy of this certificate in the recording division of this Court.

DONE AND ORDERED, this _10_ day of May, 2017.

_____
                    PROBATE JUDGE

2